[726 NYS2d 114]

In the Matter of JOSEPH MASTERSON (Admitted as JOSEPH SYLVESTER MASTERSON), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 4, 2001

---

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

*Joseph Masterson,* Springfield, New Jersey, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated April 5, 1999, containing two charges of professional misconduct. After a scheduled prehearing conference on June 6, 2000, and a hearing on June 28, 2000, at which the respondent failed to appear, the Special Referee sustained both charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems appropriate. The respondent, *inter alia,* cross-moves, requesting that the petitioner's motion be dismissed.

Charge One alleges that the respondent engaged in illegal conduct involving moral turpitude, in violation of Code of Professional Responsibility DR 1-102 (a) (3) and (8) (now [7]) (22 NYCRR 1200.3 [a] [3], [7]). On or about March 10, 1956, the respondent married Mary Masterson. While still married to Mary Masterson, the respondent purportedly married Mingli Yang on or about September 26, 1997.

Charge Two alleges that the respondent filed a document with the City Clerk of the City of New York Marriage License Bureau that contained false and misleading information, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [4], [5], [7]). On or about September 24, 1997, the respondent completed and filed a marriage application with the City Clerk on which he

affirmed that he had no prior marriages. At the time this application was filed, the respondent was still married to Mary Masterson.

Although the Special Referee insured that the respondent was personally served with notice of both the prehearing conference and the inquest, he failed to appear on both scheduled dates. The respondent acknowledged that he was aware of the initial hearing date, but declared a physical inability to attend. The Special Referee delayed the matter for 45 minutes before scheduling an inquest, and put on record the possibility that the respondent could be relieved of his default upon a proper showing at the inquest. The respondent, nevertheless, failed to appear and the inquest proceeded. The petitioner submitted exhibits establishing that the respondent had adequate notice of the hearing.

Based upon the evidence adduced, the Special Referee properly sustained both charges. The petitioner's motion to confirm the Special Referee's report is granted. In support of his cross motion for dismissal of the petitioner's motion and a new hearing with the right to testify and be heard, the respondent argues that he was not examined by the court-appointed expert with respect to his physical disability. He cites as his disability his use of large doses of drugs and his inability to walk, sit, stand, travel, and testify. He complains that although he was examined by the medical expert in New Jersey, the Court insisted upon his appearance in New York for the hearing.

Notwithstanding the respondent's submission, he was examined on November 4, 1999, by the court-appointed medical expert who concluded that the respondent's mental state and psychiatric/neuropsychiatric condition as of that time and for the reasonably foreseeable future would not support a legal determination of incapacity or unfitness to practice law. The medical expert indicated that the respondent was able to walk approximately 100 yards, and described his motor strength, sensory, cerebellex gait, and reflex examinations as unremarkable or within normal limits.

In determining, an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent was issued an admonition dated April 22, 1998, for handling a legal matter he was not competent to handle, for falsely holding himself out as an attorney admitted to practice law in New Jersey, and for professional misconduct involving fraud, dishonesty, and misrepresentation surrounding a power of at-

torney. Under the totality of circumstances, the charges involving moral turpitude warrant the respondent's disbarment.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and ALTMAN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Joseph Masterson, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joseph Masterson is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.